## CALIFORNIA LUMBERMEN'S COUNCIL et al. v. FEDERAL TRADE COMMISSION.

### No. 8984.

Circuit Court of Appeals, Ninth Circuit.

June 5, 1939.

GARRECHT, Circuit Judge, dissenting.

For opinion on motion to strike transcript of record, see 103 F.2d 304.

Morgan J. Doyle, of San Francisco, Cal., for petitioners.

W. T. Kelley, Chief Counsel, Martin A. Morrison, Asst. Chief Counsel, Daniel J. Murphy, and James W. Nichol, Sp. Attys., Federal Trade Commission, all of Washington, D. C., for respondents.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY and STEPHENS, Circuit Judges.

The motion of the petitioners for an order requiring respondent to file a supplemental transcript of the record is denied. We are of the opinion that the matters in the motion can be properly considered by us only in connection with our consideration of the merits of the petition to review the cease and desist order made by the respondent.

GARRECHT, Circuit Judge (dissenting).

Petitioners assert that the transcript heretofore filed by respondent is incomplete in this, that certain exhibits and offers of evidence were made by petitioners during the trial which were refused and rejected. Such offers and rulings respondent has refused to make a part of the record. That these assertions are true is admitted. Petitioners insist that these exhibits and evidence are an important part of their defense to this action. Respondent claims that the exhibits and evidence are immaterial. It is further

charged by petitioners and admitted by respondent that certain other evidence offered by petitioners was received, but thereafter, and before such evidence was transcribed, the examiner who conducted the hearing on behalf of respondent ordered the court reporter to delete such testimony from the record. It is thus made to appear, which is admitted by all parties, that the record which respondent has filed in this court is not a full, true and correct transcript of all that took place in the course of the hearing.

I believe this court should require these omissions to be supplied so that the court may intelligently pass on the materiality and relevancy of the proffered proof and determine for itself whether or not it constitutes a defense to the action.